**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARYL E. JOHNSON,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:07-1621** |
| **v.** | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **T.R. SNEIZEK, EDWARD REILLY, and CHAIRMAN U.S. PAROLE COMMISSION,** | : : | |
| **Respondents** | : | |

**REPORT AND RECOMMENDATION**

On September 6, 2007, the petitioner, a former inmate at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241[1]. (Doc. No. 1). A show cause order was issued by the court on September 17, 2007. (Doc. No. 3). After having been granted an enlargement of time to do so, (Doc. No. 5), on October 16, 2007, the respondent filed a reply to the petition, (Doc. No. 6). The petitioner filed a traverse on October 30, 2007. (Doc. No. 7). Upon review of the record, it is recommended that the instant petition be denied.

By way of relevant background, the petitioner was convicted of armed robbery in the Superior Court for the District of Columbia. On May 5, 1989, the petitioner was sentenced to five to fifteen years of incarceration. (Doc.

---

[1] Since the filing of the instant action, the court has been informed that the petitioner has been released on parole.

No. 6, Ex. 1, p. 2). After having received 197 days of prior custody credit and 1,800 days of institution good time, the petitioner was given a full term date of October 20, 2003, and a mandatory parole date of November 15, 1998. (Doc. No. 6, Ex. 2, ¶6 & Attachment B). The petitioner later received an additional two days of prior custody credit, for May 18, 1997, and September 29, 1998, which the Bureau of Prisons, ("BOP"), determined was overlooked by the District of Columbia Department of Corrections. (Id.).

As a result of accumulated earned good time, the petitioner's short term/mandatory release date was advanced to May 16, 1998, and his parole eligibility date was advanced to December 26, 1991. (Doc. No. 6, Ex. 2, Attachment B).

On April 23, 1992, the petitioner was released on parole by the D.C. Board of Parole[2]. He was to remain on parole until his full term date of October 20, 2003. (Doc. No. 6, Ex. 1, p. 4). On June 11, 1999, the D.C. Board of Parole issued a parole violator warrant for the petitioner. (Id. at p. 5). The petitioner was arrested on the warrant on June 24, 1999. (Id. at p. 6). On August 31, 1999, the D.C. Board of Parole revoked the petitioner's parole for drug-related violations. (Id. at p. 7). The petitioner was re-paroled on the same day, with a new full term date of December 21, 2010. (Id. at p. 8).

---

[2]Although the petitioner refers to this release as "supervised release," it is clear that he was, in fact, released on parole.

Effective August of 2000, the D.C. Board of Parole's authority over parolees, such as the petitioner, was transferred to the United States Parole Commission, ("U.S. Parole Commission"), pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L.No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective Aug. 5, 1998).

On January 13, 2003, the U.S. Parole Commission issued a parole violator warrant for the petitioner. (Doc. No. 6, Ex. 1, pp. 11-12). The petitioner was arrested on the warrant on March 4, 2003. (Id. at p. 18). On March 25, 2003, the petitioner accepted the U.S. Parole Commission's offer of an expedited revocation procedure pursuant to which the petitioner waived his right to a revocation hearing, accepted responsibility for his conduct, and consented to a parole revocation on the record with a six-month term of incarceration. (Id. at pp. 20-21). The petitioner was advised that his acceptance of the expedited revocation procedure meant that none of the time he spent out on parole would be credited and that he would be waiving his right to appeal. As a result of the petitioner's acceptance of the expedited revocation procedure, on March 28, 2003, the U.S. Parole Commission revoked his parole, ordered that none of the time that he had spent on parole would be credited, and ordered the petitioner to serve six months in prison. (Id. at pp. 22-24). The petitioner's full term date was then calculated by the BOP as June 2, 2014. (Id. at p. 19).

The petitioner was, once again, released on parole on September 4,

2003.  (Doc. No. 6, Ex. 1, p. 25).  On November 15, 2006, the U.S. Parole Commission issued a parole violator warrant for the petitioner's arrest, charging him with possession of a firearm by a prohibited person, illegal possession of a stolen firearm, and second degree assault on a police officer. (Id. at 28-31).  The petitioner was arrested on this parole violator warrant on December 8, 2006.  (Id. at 32).  A parole revocation hearing was held, after which, on March 14, 2007, the U.S. Parole Commission revoked the petitioner's parole, ordered that none of the time spent on parole would be credited, and ordered the petitioner to serve twelve months of incarceration. (Id. at 38-39).  The petitioner appealed this decision claiming to have a diminished mental capacity. (Id. at 41-44). The U.S. Parole Commission's National Appeals Board affirmed the decision on July 6, 2007, finding that the petitioner's mental health issues "present a risk warranting a decision within [his] guidelines."  (Id. at 45).  The petitioner's latest full term expiration date has been calculated by the BOP to be September 3, 2017.  (Id. at 16).

On September 6, 2007, the petitioner filed the instant action, in which he raises various claims in relation to the actions of the U.S. Parole Commission and the calculation of his sentence. (Doc. No. 1)[3]. Although the respondents have argued that the petitioner failed to exhaust his

---

[3]The petitioner also challenges actions taken by the D.C. Parole Board in relation to his initial parole revocation in 1999, which resulted in the denial of approximately seven years of street time.

4

administrative remedies prior to initiating the instant action[4], the court may deny a habeas petition on the merits if "it appears unequivocally that the petitioner has not raised a colorable federal claim." Faulkner v. Pa. Dep't of Corr., 221 F.Supp.2d 560, 563 (E.D.Pa. 2002). Upon review, the court finds that the petitioner has not raised a colorable federal claim and will therefore proceed to address the petition on the merits.

According to the petitioner, he was originally sentenced to a five to fifteen year term of imprisonment, which should have expired on May 5, 2003. However, the petitioner alleges that, as a result of "illegal activities committed by the United States Parole Commission" he is still being punished. Specifically, the petitioner argues that he has been denied "statutorial (sic) good time credit " pursuant to ". . . District of Columbia Code 24-221.03 formerly known as DC Statute 24-431 . . .," which provides that "every person shall be given credit on the maximum and the minimum term spent on imprisonment for time spent in incarceration and time spent on parole as a result of the offense which the sentence was imposed."[5] (Doc. No. 1, p. 4; Doc. No. 7, p. 3). Relatedly, the petitioner argues that he should not have lost any of the "street time" he accumulated while out on parole on

---

[4]For his part, the petitioner argues that he attempted to exhaust administrative remedies, but never received a response. (Doc. No. 7, p. 1).

[5]The petitioner acknowledges that he received 1800 days of institutional good time credit, but argues that he should have received the statutory credit instead.

each of the occasions set forth above in 1999, 2003, and 2007.

With respect to the petitioner's arguments, pursuant to the National Capital Revitalization and Self-Government Improvement Act, supra, the U.S. Parole Commission is required to apply D.C. parole laws to D.C. offenders such as the petitioner. See D.C. Code §24-131(c). In 1932, §24-206 of the D.C. Code was enacted, now codified at D.C. Code Ann. §24-406, which prohibits street time from being credited toward a sentence after parole is revoked. D.C. Code Ann. §24-406(a)[6]. Some fifty-five years later, in 1987, D.C. Code §24-431 was enacted, which appeared to grant street time credit to parole offenders, providing that "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed." D.C. Code §24-431(a). This subsequent section was interpreted by the D.C. Department of Corrections as impliedly repealing §24-406(a). However, despite the interpretation given by the D.C. Department of Corrections, the U.S. Parole Commission continued to follow the provisions of §24-406(a). Ultimately, because of the apparent conflict in the statutes, the D.C. Circuit certified the question of whether §24-431(a) impliedly repealed §24-406(a) to the D.C. Court of Appeals. Noble v. U.S. Parole Comm'n, 82 F.3d 1108 (D.C. 1996). In considering the question, the D.C. Court of Appeals found

---

[6]For purposes of the instant report, the court will refer to the current section of the D.C. statute.

6

that §24-406(a) was not impliedly repealed by §24-431(a). As a result, §24-406(a) still operates to deny the parolee street time toward their sentence where parole is revoked. U.S. Parole Comm'n v. Noble, 693 A.2d 1084, 1094 (D.C. 1997), op. adopted, 711 A.2d 85 (D.C. 1998)(en banc).

In this case, the petitioner's parole was revoked for violations of the conditions of his release in each of the instances of which he complains. As a result, the petitioner is not entitled to any statutory credit pursuant to §24-431(a), which does not apply to parole violators, and the U.S. Parole Commission properly denied the petitioner "street time" credit in each instance pursuant to §24-406(a)[7].

In denying him street time credit, the petitioner claims that the U.S. Parole Commission has acted to falsely resentence him to an extra fourteen years. "By doing such cruel and unusual punishment," the petitioner alleges that "the United States Parole Commission has violated the Constitutional Right of [his] Due Process, Double Jeopardy and Ex-Post Facto Clause." (Doc. No. 1, p. 3).

---

[7]The court notes that the petitioner argues that he should not have been denied street time where the revocation was for technical parole violations. The statute provides: "[i]f the order of parole shall be revoked, the prisoner, unless subsequently reparoled shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody . . . The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." §24-406(a). Thus, regardless of the reason(s) for the parole revocation, where parole is revoked, credit will not be given for street time.

7

To the extent that the petitioner's reference to "cruel and unusual punishment" is an attempt to raise an Eighth Amendment claim in relation to the Commission's actions, such a claim has no merit as "the attachment of a condition that a violation of parole would result in loss of credit towards the completion of his sentence does not violate Eighth Amendment standards." See Campbell v. U.S. Parole Comm'n, 563 F.Supp.2d 23, 26 (D.C. 2008) (citing Murphy v. Thompson, 15 Fed.Appx. 417, 419 (9th Cir. 2001)(determining Eighth Amendment's 'deliberate indifference' standard was not violated by extension of petitioner's parole release date); Van Buskirk v. Wilkinson, 216 F.2d 735, 738 (9th Cir. 1954)(finding no cruel and unusual punishment where 'the allowance of credit for time served outside the penitentiary on parole status was conditioned on . . . good behavior' and the petitioner had 'by his own misconduct forfeited allowance for time served.'); United States ex rel. Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970)(holding that application of Pennsylvania law withholding credit for time on parole upon recommitment for a new crime did not amount to cruel and unusual punishment); O'Callahan v. Attorney General of the United States, 351 F.2d 43, 44 (1st Cir. 1965)(finding no Eighth Amendment violation where statute gave no credit towards sentence for petitioner's pre-violation parole time)).

Further, revocation of a petitioner's street time credit for parole violations has been found to not violate the Due Process Clause. See

8

Campbell v. U.S. Parole Comm'n, supra.

As for the petitioner's double jeopardy claim, the Double Jeopardy Clause is not applicable to parole decisions. Campbell, 563 F.Supp.2d at 27 (citing United States v. DiFrancesco, 449 U.S. 117, 137 (1980); Maddox v. Elzie, 238 F.3d 437, 447 (D.C. Cir. 2001)).  Therefore, the Commission's actions in revoking the petitioner's parole and credit for street time is not subject to the Double Jeopardy Clause.

Finally, concerning the petitioner's Ex Post Facto Clause argument, the Ex Post Facto Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. Campbell v. U.S. Parole Comm'n, 563 F.Supp.2d at 26 (citing Collins v. Youngblood, 497 U.S. 37, 42 (1990)).  Initially, pursuant to §24-406(a), the Commission did not increase the petitioner's sentence, but simply rescinded credit towards completion of that sentence for time spent on parole, as required by D.C. law.  Moreover, §24-406(a) was enacted in 1932 and was found to never have been repealed as discussed in the Noble decision. Therefore, there was no retroactive application of a law or regulation, as §24-406(a) was enacted well before the petitioner's offense in 1987 and subsequent revocations in 1999, 2003 and 2007.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DENIED**.

                                              s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States Magistrate Judge**

**DATE:** October 27, 2008

O:\shared\REPORTS\2007 Reports\07-1621-01.wpd