IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARYL E. JOHNSON**, | : | **CIVIL ACTION NO. 1:07-CV-1621** |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **T.R. SNEIZEK, EDWARD REILLY,** | : | |
| and **CHAIRMAN, U.S. PAROLE** | : | |
| **COMMISSION**, | : | |
| Respondents | : | |

## ORDER

_____ AND NOW, this 18th day of February, 2009, upon consideration of the report of the magistrate judge (Doc. 11), to which no objections were filed, recommending dismissal of the petition for a writ of habeas corpus filed by petitioner pursuant to 28 U.S.C. §2241 (Doc. 1), and, following an independent review of the record, it appearing that petitioner violated the conditions of his parole on numerous occasions (see Doc. 11 at 2-3),[1] and that petitioner contends that revocation of his "good time" or "street time" credit, which he accumulated during his release on parole, violates his due process rights and constitutes cruel and unusual

---

[1] Petitioner's first parole revocation in 1999 stemmed from a drug-related offense. (Doc. 11 at 2.) The second parole violation was also drug-related: in 2003, petitioner tested positive several times for illegal drug use and withdrew from a drug treatment program. (Doc. 6 at 2-3.) Petitioner was charged with a third parole violation in 2006 following an arrest for possession of a firearm by a prohibited person, illegal possession of a stolen firearm, and second degree assault on a police officer. (Doc. 11 at 3-4.)

punishment (Doc. 1 at 3-4),[2] and the court finding that petitioner accepted the United States Parole Commission's offer of an expedited revocation procedure (Doc. 6, Ex. 1 at 20-21), that he waived his right to have time spent on parole credited to his sentence (id. at 20), and that he waived his right to appeal a parole revocation decision (id. at 21), the sum total of which leads the court to conclude that petitioner was afforded adequate procedural due process, see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979) (finding that due process is satisfied when an opportunity to be heard is allotted and a statement of reasons provided), and it further appearing that petitioner has a substantive due process liberty interest in his "street time" credit, see Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (stating that inmates possess a liberty interest in good time credit); see also Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974) (same), but that in the instant matter, the government's revocation of petitioner's "street time" does not "shock the conscience," see Vega v. United States, 493 F.3d 310, 316 (3d Cir.

---

[2] Petitioner also contends that revocation of his "street time" is a violation of the Double Jeopardy Clause. (Doc. 1 at 3.) However, the Double Jeopardy Clause is inapplicable to parole revocation decisions. See Campbell v. U.S. Parole Comm'n, 563 F. Supp. 2d 23, 27 (D.D.C. 2008) ("Parole proceedings are not new prosecutions, but rather, they are continuations of the original prosecutions that resulted in parole. . . . [T]he Commission's lawful rescission of petitioner's street-time credit does not offend the Double Jeopardy Clause."), aff'd, 2008 U.S. App. LEXIS 20081 (D.C. Cir. Sept. 18, 2008); see also United States v. DiFrancesco, 449 U.S. 117, 137 (1980) ("[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment."). Therefore, petitioner's double jeopardy argument is without merit. Petitioner also asserts that revocation of his street time is a violation of the Ex Post Facto Clause. This argument is similarly meritless. See Campbell, 563 F. Supp. 2d at 26 (holding that revocation of "street time" under the revocation statute is not "so unexpected or unforeseeable" as to offend the Constitution's Ex Post Facto Clause).

2007) ("[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."), and that the revocation was reasonably related to the government's legitimate interest in regulating criminal behavior, see Morrissey v. Brewer, 408 U.S. 471, 483 (1972) ("Given the previous conviction and the proper imposition of conditions, the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his parole."), and the court further concluding that the Commission's revocation of petitioner's "street time" does not constitute cruel and unusual punishment, see Campbell, 563 F. Supp. 2d at 26 ("[T]he attachment of a condition that a violation of parole would result in loss of credit towards the completion of [petitioner's] sentence does not violate Eight Amendment standards."), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 11) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge